UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------  x

DANIEL ADAMS and CHRISTOPHER SHELLY,

                               Plaintiffs,

                   -against-

CITY OF NEW YORK; Police Officer JAMES
BUROPE, Shield/Tax No. (13067) individually and in
his/her official capacities; Sergeant DARREN
MELHADO, individually and in his/her official
capacities; and NYPD Officers JOHN and JANE DOE
1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------  x

**COMPLAINT**

Jury Trial Demanded

ECF Case

        PLAINTIFFS, DANIEL ADAMS and CHRISTOPHER SHELLY, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

        1.      PLAINTIFFS bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFFS' civil rights, by defendants THE CITY OF NEW YORK, and Police Officer JAMES BUROPE, Shield / Tax No. (13067); Sergeant DARREN MELHADO, and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5.      PLAINTIFFS demand a trial by jury in this action.

## PARTIES

6.      PLAINTIFFS, DANIEL ADAMS and CHRISTOPHER SHELLY, are residents of New York County County in the City and State of New York.

7.      Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant defendants Police Officer JAMES BUROPE, Tax / Shield No. 13067; defendants Sergeant DARREN MELHADO, and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

10.     At all times hereinafter mentioned BUROPE, MELHADO, and the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13.     On or about February 21, 2015 at or around 4:00 a.m., PLAINTIFFS were lawfully within the vicinity of Riverside Drive and West 133rd Street, New York, New York.

14.     PLAINTIFFS were passengers in a vehicle that was unlawfully stopped and searched by several unidentified New York City Police Officers, including defendants BUROPE, MELHADO, and the DOE defendants.

15.     Defendants removed PLAINTIFFS from the vehicle and unlawfully searched the vehicle.

16.     The officers then proceeded to unlawfully search the trunk of the car while PLAINTIFFS were detained.

17.     After searching the trunk at the scene, officer claimed to have recovered contraband, including a weapon and narcotics.

18.    In an effort to justify the arrests of all the vehicle's occupants, the officers falsely claimed that contraband was recovered from within the vehicle and the persons of all the vehicles' occupants, including PLAINITFFS.

19.    Notwithstanding the fact that defendants had no probable cause to believe that PLAINTIFFS had committed any crimes or offenses, defendants placed PLAINTIFFS into handcuffs and under arrest.

20.    PLAINTIFFS were subsequently transported to the police precinct.

21.    At the precinct the officers, including defendant BUROPE and MELHADO falsely informed employees of the New York County District Attorney's Office ("DA's Office") that they had observed PLAINTIFFS commit various crimes/offenses.

22.    Neither BUROPE, MELHADO nor the DOE defendants observed PLAINTIFFS violate any laws / ordinances.

23.    The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

24.    The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFFS and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFFS.

25.    The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

4

26.     From the precinct, PLAINTIFFS were then transported to Manhattan Central Booking, and were subsequently arraigned.

27.     PLAINTIFFS spent a prolonged period of time in custody in excess of twenty-four (24) hours.

28.     PLAINTIFFS' criminal cases were subsequently dismissed on a motion by the DA's Office.

29.     PLAINTIFFS suffered damage as a result of defendants' actions. PLAINTIFFS were deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## <u>CLAIM</u>
## <u>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983</u>

30.     PLAINTIFFS repeat, reiterate, and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.      The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

        i.      arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

ii.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

iii.   fabricating evidence in connection with their prosecution in order to cover up police misconduct.

33.   The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFFS.

34.   The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFFS as alleged herein.

35.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFFS' constitutional rights.

36.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFFS' constitutional rights.

37.   The acts complained of deprived the PLAINTIFFS of the following constitutionally protected rights:

a.   Not to be deprived of liberty without due process of law;

b.   To be free from seizure and arrest not based upon probable cause;

c.   Not to have summary punishment imposed; and

d.   To receive equal protection under the law.

38.   As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

**CLAIM TWO**
**Unlawful Stop and Search**

39.     PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched PLAINTIFFS.

41.     As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

**CLAIM THREE**
**False Arrest**

42.     PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

43.     The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFFS without probable cause, privilege or consent.

44.     As a direct and proximate result of this unlawful conduct, PLAINTIFFS' liberty were restricted for an extended period of time, were put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

**CLAIM FOUR**
**Malicious Prosecution**

45.     PLAINTIFFS repeats and realleges each and every allegation as if fully set forth herein.

46.     By their conduct, as described herein, and acting under color of state law, defendants are liable to PLAINTIFFS under 42 U.S.C. § 1983 for the violation of

PLAINTIFFS'constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive the constitutional rights of PLAINTIFFS.  The prosecution by defendants of PLAINTIFFS constituted malicious prosecution in that there was no basis for the PLAINTIFFS' arrests, yet defendants continued with the prosecution, which was resolved in PLAINTIFFS' favor.

48.     As a direct and proximate result of defendants' unlawful actions, PLAINTIFFS has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## CLAIM FIVE
### Malicious Abuse of Process

49.     PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

50.     The individual defendants issued legal process to place PLAINTIFFS under arrest.

51.     The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

52.     The Municipal Defendants acted with intent to do harm to PLAINTIFFS without excuse or justification.

53.     As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish,

shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM SIX
### Denial Of Constitutional Right To Fair Trial

54.    PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

55.    The individual defendants created false evidence against PLAINTIFFS.

56.    The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

57.    In creating false evidence against PLAINTIFFS, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFFS' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58.    As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

## CLAIM SEVEN
### Failure To Intervene

59.    PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

60.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

62.     As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

**CLAIM EIGHT**
**Unlawful Strip Search**

63.     PLAINTIFFS repeat and re-allege each and every allegation as if fully set forth herein.

64.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected PLAINTIFFS to a strip search without legal justification.

65.     As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS respectfully request judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against the individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.


DATED:     New York, New York
           October 6, 2015

                                          _____
                                          Katherine E. Smith
                                          233 Broadway, Ste. 1800
                                          New York, New York 10279
                                          Tel/ Fax: 347-470-3707
                                          ksmith@legalsmithny.com
                                          *Attorney for Plaintiffs*